UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHNNY JARRELL,

    Defendant.
                                        /

Case No. 06-20465

Honorable Nancy G. Edmunds

**ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) [2740]**

This matter comes before the Court on Defendant Johnny Jarrell's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). Being fully advised in the premises and because the Court has already denied a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), Defendant's motion is DENIED as moot.

Defendant was found guilty of two counts of the second superceding indictment: Count 2, Conspiracy to Participate in the Affairs of an Interstate Enterprise Through a Pattern of Racketeering Activity; and Count 19, Conspiracy to Possess With Intent to Distribute and Distribution of Controlled Substances. On May 15, 2014, after remand from the Sixth Circuit, Defendant was re-sentenced to 108 months on Count 2 and 60 months on Count 19, to be served concurrently.

Defendant filed the present motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that his sentence should be reduced pursuant to Amendment 782 to the United States Sentencing Guidelines, which reduced the drug quantity table by two points for all offenders. The Court, however, already considered on its own motion whether

a sentence reduction under Amendment 782 was appropriate here. Having determined that Defendant was ineligible for a sentence reduction, the Court issued an order denying a reduction of Defendant's sentence on September 29, 2015. (Dkt. 2732.) Under the United States Sentencing Guidelines, § 1B1.10(b)(2)(A), the Court "shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range." Here, the sentence imposed by the Court on Count 19 (the narcotics count) is below the amended guideline range. Although § 1B1.10(b)(2)B) recognizes an exception to this rule, the exception does not apply.[1] Therefore, as this Court previously determined, Defendant is ineligible for a reduction in sentence.

Being fully advised in the premises and for the above-stated reasons, Defendant's motion is DENIED as moot.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 16, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2016, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager

---

[1] Under § 1B1.10(b)(2)(B), if the original sentence was below the guideline range "pursuant to a government motion to reflect the defendant's substantial assistance," the Court may reduce the defendant's term to a term that is less than the minimum of the amended guideline range. Here, however, the government did not file such a motion, and thus the exception does not apply.